[L. A. No. 14813. In Bank.—June 25, 1934.]

LESLIE S. BOWDEN, Petitioner, v. W. M. KERR, as Registrar, etc., Respondent, and LYNDEN BOWRING et al., Interveners.

Leslie S. Bowden, *in pro. per.*, W. L. Pollard and S. L. Kurland, for Petitioner.

Clifford P. Gowa, as *Amicus Curiae* on Behalf of Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent.

Linden Bowring, Ida May Adams, Arthur E. Briggs, Troy Pace, Rush and Beirne, Bernard Potter, Welborn Mayock and Chas. B. MacCoy, as *Amici Curiae* on Behalf of Respondent.

CURTIS, J.—Petition for writ of mandate against the Registrar of Voters of the County of Los Angeles, directing said officer to strike from the files of his office the names of twenty-seven persons, each of whom has filed in the office of said registrar his or her declaration of intention to become a candidate for the office of superior judge in and for said county, and to restrain said registrar from placing the names of said persons on the official primary ballot as candidates for the office of superior judge at the coming August primary election to be held in said county. Each of said declarations of intention was filed in the office of said registrar on the twenty-sixth day of May, 1934. It is the contention of the petitioner that the last day on

which such declarations could by law be filed was the twenty-fifth day of May, 1934, and that as said declarations of intention were filed one day too late, it is the duty of said registrar to strike the same from the files of his office.

In the county of Los Angeles two or more judges of the superior court are to be elected for the same term during the year 1934. By section 2 of chapter 316, Statutes of 1927, page 528 (Deering's Gen. Laws, 1931, Act 2274), it is provided that: ''Each candidate for judicial office for which two or more judges or justices are to be elected for the same term at the same election as herein provided, not more than ten days nor less than five days prior to the first day on which his nomination papers may be circulated and signed, shall file in the office in which his nomination papers are ·required to be filed, a written and signed declaration of his intention to become a candidate for such office and shall state in such declaration for which of the said number-designated offices of courts of record he intends to become a candidate.''

By an examination of the primary law as now in force, we find that there is no express provision thereof fixing the first day on which the nomination papers of a candidate for a judicial office may be circulated and signed. However, section 5 of the General Primary Law (Stats. 1913, p. 1379), as amended in 1933 (Stats. 1933, p. 358; Deering's Gen. Laws, 1931, Act 2256, Supp. 1933), provides for the filing by a candidate for public office of his declaration of candidacy and for the appointment by him of verification deputies to obtain signatures of sponsors to his nomination papers. The plain reading of this section of the primary law indicates that these verification deputies are to be appointed during the period within which the candidate may file his declaration of candidacy, but not before that period. If verification deputies are appointed on the first day the candidate can file his declaration of candidacy, it would be possible for a candidate to have his nomination papers circulated and signed on that day. Said section provides that said declaration of candidacy must be filed at least sixty days and not more than ninety days prior to the August primary election. It follows, therefore, from these provisions of this section of the pri-

mary law that the first day on which the nomination papers of a candidate for office to be voted for at the August primary election may be circulated and signed would be ninety days before the date of said primary election. The primary election this year falls on the twenty-eighth day of August, and ninety days prior thereto would be May 30, 1934, as the first day on which the nomination papers of a candidate may be circulated and signed. As we have seen by section 2 of the primary law (Stats. 1927, p. 528), a candidate for the office of superior judge of the county of Los Angeles must file his notice of intention to become a candidate for such office at least five days prior to the first day on which his nomination papers may be circulated and signed, and as the first day on which his nomination papers may be circulated is the thirtieth day of May, five days prior to that day would be May 25th as the last day on which said declaration of intention to become a candidate may be filed. As the candidates here involved did not file their declaration of intention until May 26th, their filing thereof was one day too late unless the fact that May 30, 1934, the earliest date on which the nomination papers of such candidates might be circulated and signed, fell upon a holiday compels a different result. While it is true, we think, that a nomination paper can be circulated and signed on a holiday, it cannot be circulated until after the appointment of a verification deputy, and a verification deputy cannot be appointed until the candidate can file his declaration of candidacy. This declaration of candidacy must be filed in the office of the Registrar of the County of Los Angeles, which office is not open for the transaction of business on a holiday. These candidates, therefore, could not file on May 30th. If they filed on May 29th, their filing would be premature, as the 29th would be ninety-one days before election. The earliest day, therefore, on which they could legally file would be May 31st, which would be the eighty-ninth day before said primary election, and as the statute requires the declaration of candidacy to be filed at least sixty and not more than ninety days prior to said day of election, they would be within the strict letter of the statute. As May 31st was the earliest day on which these candidates could file their declaration of candidacy and appoint their verification deputies, that date was the

first day on which their nomination papers could be circulated and signed, ˎand five days prior thereto would be May 26th, as the last day on which they could file their declaration of intention to become candidates. As the declarations herein involved were filed within that time, it follows that they were timely filed and that the petition should be denied.

It is so ordered.

Preston, J., Langdon, J., Waste, C. J., Tyler, J., *pro tem.*, and Shenk, J., concurred.

Rehearing denied.